UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LORRAINE GLOVER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: |
| I.C. SYSTEM, INC., | ) ) ) |
| Defendant. | ) ) ) |

## Complaint for Damages

Plaintiff Lorraine Glover ("Plaintiff") files her Complaint for Damages against the Defendant I.C. System, Inc. ("Defendant") for their willful, intentional, and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. (hereinafter "FDCPA").

Specifically, Plaintiff challenges Defendant's attempt to collect an amount greater than what Defendant was authorized collect from Plaintiff.

## Jurisdiction

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This Court has subject matter jurisdiction of claims arising under the FDCPA which invokes federal question jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court also has supplemental jurisdiction with regard to Plaintiff's pendent state law claims and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Venue is proper in this Court because the acts and transactions occurred in this District, Plaintiff resides in this District, and regularly seeks to collect from consumers residing in this District and in the Macon Division.

## **Parties**

6. Plaintiff is a natural person residing in Macon, Georgia, which is located in Bibb County, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

7. Plaintiff is a "consumer" as that term is defined by O.G.C.A. § 10-1-392(a)(6).

8. At all times relevant to this action, Plaintiff is an elder person as that term is defined by O.C.G.A. § 10-1-850(2).

9. Defendant is a Minnesota debt collection company operating within, and actively collecting consumer debts in, the State of Georgia, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Summons and Complaint may be served on Defendant by service on its registered agent for service of process in Georgia, CT Corporation System 289 S Culver St, Lawrenceville, GA, 30046-4805, USA, or wherever they may be found.

11. Defendant directed communications to Plaintiff using means of interstate commerce while Plaintiff resided in Georgia and in this judicial district.

12. Defendant uses the mails and interstate commerce in the collection of consumer debts regularly.

13. Defendant regularly contacts consumers and attempt to collect debts from consumers residing in this judicial district.

## Statutory Scheme

## The Fair Debt Collection Practices Act

14. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

15. Debt is a big business in America. In the first quarter of 2017, U.S. household debt exceeded 12.73 trillion dollars.[1] This number exceeds the gross

---

[1] *Household Debt Makes a Comeback in the U.S.*, New York Times (May 2017) accessed on Mar. 4, 2018 at https://www.nytimes.com/2017/05/17/business/dealbook/household-debt-united-states.html

domestic product of China.[2] Credit card debt accounted for six percent or 763.8 billion dollars' worth of household debt. By April of 2017, the Federal Reserve reported Americans had the highest credit card debt in history as the number soared past the one trillion-dollar mark.[3]

## The Georgia Fair Business Practices Act

16. The Georgia legislature enacted the GFBPA "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. It is the intent of the General Assembly that such practices be swiftly stopped, and this part shall be liberally construed and applied to promote its underlying purposes and policies."

17. The FDCPA and GFBPA all provide for enforcement of their respective protections and civil liability through consumers acting as private attorneys general.

## Facts Common to All Counts

18. Sometime prior to January 1, 2018, Plaintiff incurred a financial obligation ("Debt") with Cox Communications.

19. The Debt is alleged to have arisen from one or more transactions.

---

[2] *In Debt We Trust for U.S. Consumers With $12.7 Trillion Burden*, Bloomberg (Aug. 2017) accessed on Mar. 3, 2017 at https://www.bloomberg.com/news/articles/2017-08-10/in-debt-we-trust-for-u-s-consumers-with-12-7-trillion-burden

[3] *Americans Now Have the Highest Credit-card Debt in U.S. History*, Marketwatch (Aug. 2017) accessed on Mar. 4, 2017 at https://www.marketwatch.com/story/us-households-will-soon-have-as-much-debt-as-they-had-in-2008-2017-04-03

20. The Debt was primarily for personal, family, or household purposes.

21. Due to ever increasing charges by Cox Communication, Ms. Glover's limited Social Security income, and ongoing medical issues and expenses, she was unable to pay for her account. As a result, Cox Communication terminated her service.

22. Ms. Glover's account was then assigned to the Defendant for collection.

23. Defendant regularly engages in the collection of debts.

24. The Debt was placed with, obtained by, or assigned to Defendant for the purpose of collecting or attempting to collect the Debt.

25. The Debt was in default or alleged to be in default at the time it was placed with, obtained by, or assigned to Defendant.

26. In an attempt to collect the Debt, Defendant sent dunning letters to the Plaintiff.

27. Defendant sent a dunning letter dated April 21, 2018 to Plaintiff.

28. A true and accurate copy of the April 21, 2018 dunning letter is attached hereto as Exhibit A.

29. The April 21, 2018 dunning letter attempted to collect an amount of $113.78 in "collection charge due."

30. The April 21, 2018 dunning letter alleged the "principal due" was $455.13.

31. Defendant I.C. System, Inc. charged 25% of the "principal due" and classified it as a "collection charge."

32. There is no contract with Plaintiff and Cox Communication that authorized Defendant to collect those amounts Plaintiff.

33. There is no contract with Plaintiff that authorized the amounts Defendant was trying to collect as a "collection charge."

34. There is no contract with Cox Communications that authorized the amounts Defendant were trying to collect.

35. There is no contract with Cox Communications that authorized the amounts Defendant were trying to collect as a "collection charge."

36. On September 24, 2018, counsel for Ms. Glover sent a validation demand to the Defendant.

37. This September 24, 2018 demand included a demand that Defendant provide proof they were authorized to collect the amount they were attempting to collect.

38. Defendant sent a letter on October 18, 2018 to Plaintiff's counsel that failed to provide any authority to collect any amount as a "collection charge."

39. The October 18, 2018 letter from Defendant failed to provide any authority or basis for charging $113.78 as a "collection charge."

40. Instead, the October 18, 2018 letter attempted to collect a lesser amount from Plaintiff.

41. The October 18, 2018 letter provided contradictory terms from the April 21, 2018 dunning letter.

42. On December 16, 2018, counsel for Ms. Glover sent an ante-litem notice to the Defendant.

43. This December 16, 2018 notice put Defendant on notice they were not authorized to collect the amount they were attempting to collect, and the basis for that assertion.

44. As of the filing of this action, Defendant has not responded to the December 16, 2018 letter.

45. As of the filing of this action, Defendant has not provided any authority for the "collection charge" they were attempting to collect.

46. Defendant was not entitled to collect the amounts it attempted to collect in the April 21, 2018 dunning letter, or any attempt thereafter.

47. At all times relevant to this action, Defendant knew Ms. Glover met the definition of an elder person as that term is defined by O.C.G.A. § 10-1-850(2).

48. At all times relevant to this action, Defendant knew Ms. Glover was over 60 years old.

# Causes of Action

# Count I – Violations of the Fair Debt Collection Practices Act

# 15 U.S.C. §§ 1692 et seq.

49. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

50. The foregoing acts and omissions of the Defendant and their agents constitute violations of 15 U.S.C. § 1692, specifically:

    i. Defendant violated 15 U.S.C. § 1692e(2) and 15 U.S.C. § 1692f(1) by attempting to collect an amount they were not authorized to collect; and,

    ii. Defendant violated 15 U.S.C. § 1692e(10) by providing false, misleading, and conflicting settlement terms.

51. Defendant's actions were intended to cause Plaintiff harm (or were negligently carried out without regard to their consequence) and succeeded in so doing.

52. As result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## Count II – Georgia Fair Business Practices Act

## O.C.G.A. §§ 10-1-390 *et seq.*

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. The GFBPA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act. 15 U.S.C. § 45(a)(1).

55. O.C.G.A. § 10-1-393 contains a non-exhaustive list of violations of the GFBPA.

56. A violation of the FDCPA is a violation of the GFBPA. *See e.g. 1st Nationwide Collection Agency Inc v Werner*, 288 Ga. App. 457 (2007).

57. Defendant maintains no assets in the State of Georgia.

58. Defendant has no employees in the State of Georgia.

59. Defendant's violations of the FDCPA were done intentionally and willfully, were not the result of error, and were not in conformity with any law, regulation, consent order, or other promulgation of rules.

60. Plaintiff is entitled to the trebling of any actual and statutory damages she sustained as a result of the Defendant's intentional and/or willful violations of the FDCPA pursuant to O.C.G.A. § 10-1-399(c) and, reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d) from Defendant.

## Count II – Unfair or Deceptive Practices

## O.C.G.A. §§ 10-1-850 *et seq.*

61.  Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

62.  Georgia's Unfair or Deceptive Practices Toward The Elderly Act ("UDPTEA") defines an elder person as someone 60 years of age or older. O.C.G.A. § 10-1-850(2).

63.  Plaintiff has been over the age of 60 at all times relevant herein.

64.  Defendant knew Plaintiff was over the age of 60 at all times relevant herein.

65.  The UDPTEA (O.C.G.A. § 10-1-851) provides: "[w]hen any person who is found to have conducted business in violation of Article 15, 17, or 21 of this chapter is found to have committed said violation against elder or disabled persons, in addition to any civil penalty otherwise set forth or imposed, the court may impose an additional civil penalty not to exceed $10,000.00 for each violation."

66.  The GFBPA is a part of Article 15 referenced in O.C.G.A. § 10-1-851.

67.  Defendant violated the UDPTEA by violating the FDCPA (and thereby violating the GFBPA) as alleged hereinabove.

68.  Plaintiff is entitled to recover, pursuant to the UDPTEA exemplary damages from Defendant including (without limitation) punitive damages for Defendant's violations of the FDCPA and GFBPA.

## Demand for a Jury Trial

69. Trial by jury is hereby demanded.

**WHEREFORE**, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $20,000.00;

b) The award of costs and reasonable attorneys' fees pursuant to the FDCPA and O.C.G.A. § 10-1-391 *et seq.* in an amount to be proven at trial but in excess of $10,000.00;

c) The award of actual damages in an amount to offset any tax liability incurred by Plaintiff for acting as a private attorney general in furtherance of Congress' purpose for enacting the FDCPA;

d) Pre- and post-judgment interest, if applicable

e) An amount to offset any tax liability of any judgment for attorney's fees.

f) Such other and further relief as the Court may deem just, necessary or appropriate.

Submitted March 20, 2019.                    **DANIELS LAW LLC**

                                                /s/Ronald Edward Daniels
                                                RONALD EDWARD DANIELS
                                                Georgia Bar No.: 540854
                                                Counsel for Plaintiff

P.O. BOX 1834
Perry, GA 31069
478.227.7331 (t)
478.352.0173 (f)
ron@dlawllc.com
rondanielslaw.com

                                                /s/ Clifford Carlson
                                                Clifford Carlson
                                                Georgia Bar No. 227503

Cliff Carlson Law, P.C.
1114-C1 Highway 96 #347
Kathleen, Georgia 31047
Tel. 478-254-1018
cc@cliffcarlsonlaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF GEORGIA                )
                                ) ss
COUNTY OF HOUSTON               )

Pursuant to 28 U.S.C. § 1746, Plaintiff Lorraine Glover, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____July 3_____ __18__, __2019__
              Month           Day      Year

_____Lorraine Glover_____
Signature